SAMUEL SABSEVITZ, PLAINTIFF-RESPONDENT, v. GREEN-
VILLE AUTO SALES COMPANY, DEFENDANT-APPEL-
LANT.

Argued October term, 1924—Decided February 13, 1925.

Replevin—Automobile Held for Payment for Repairs—Tender
of Amount Claimed to be Due by Plaintiff—Allegation of
Additional Charges Disputed—Garage Keepers' Act, as
Amended, Permitted Owners to Obtain Possession Upon
Giving Bond in Double Amount Claimed.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the defendant-appellant, *Edward J. Dorton.*

For the plaintiff-respondent, *Eugene R. Hayne.*

PER CURIAM.

This was an action of replevin, brought in the Second
District Court of Jersey City, to recover possession of plain-
tiff's automobile. The automobile had been purchased from
the defendant, and plaintiff's evidence was that the radiator
being defective the defendant promised to replace it, but
neglected to do so until the radiator froze, because of the
defects.

It is admitted that the plaintiff tendered to the defendant
$31.75, conceded to be due for repairs other than repairs to
the radiator, but the defendant demanded $87.60, the differ-
ence being the cost of replacing the radiator. The jury
found for the plaintiff.

It is contended that the court erred in refusing a nonsuit,
because it was admitted that at least $31.75 was due the
defendant. If the creditor fraudulently claimed more than
was due he lost his lien, but not if his claim was made in
good faith. Even if the excessive claim was in good faith,
it was still in the power of the debtor to discharge the lien
by a payment or tender of the sum actually due, since the

creditor could not keep the lien alive by refusing to accept the amount due. *Kiss* v. *Ambrose*, 97 *N. J. L.* 442.

The object of the 1922 amendment to the Garage Keepers' act (*Pamph. L.* 1922, *ch.* 231) was to permit owners of automobiles to obtain possesion of the same upon payment into court of the amount demanded (plus a sum as security for costs) ; or, at the option of the owner, upon providing a bond in double the amount claimed, instead of furnishing a bond in double the value of the automobile, as theretofore. The fact that the penalty of the bond by the 1922 amendment is more than double the amount claimed under the statutory requirement cannot be said to be prejudicial to the defendant.

The judgment will therefore be affirmed.